HARRY E. BALM, PROSECUTOR, v. THE CITY OF CAPE MAY
AND FLOYD C; HUGHES, CLERK OF THE CITY OF CAPE
MAY, RESPONDENTS.

Decided January 3, 1925.

Municipal Manager—Necessary Signatures to Petition For Refer-
endum Election—Withdrawals After Filing—Petition Con-
sidered as Filed Day of Presentation—Clerk Without Dis-
cretion Under Statute to Consider List But Forthwith Must
Call Election—Withdrawals From Petitions May Be Effective
After Filing and Before Official Action is Taken, But Not
After—When Action Is Required to be Taken Forthwith,
Petitioners Cannot Withdraw After Filing.

For the prosecutor, *Louis H. Miller.*

For the respondents, *Lewis T. Stevens.*

The opinion of the court was delivered by

CAMPBELL, J.   The writ of *certiorari* in this case was al-
lowed for the purpose of reviewing proceedings for the bring-
ing on of a special election in the city of Cape May, at which
would be submitted the question of the adoption of an act of
the legislature entitled "An act relating to, regulating and
providing for the government of municipalities, except coun-
ties, by a municipal council and a municipal manager," ap-
proved March 19th, 1923.   *Pamph. L.* 1923, *ch.* 113, *p.* 217.

The cause was heard by consent, under the statute by
myself, as a single justice of the Supreme Court.

There were several reasons assigned, but the single one
argued was that while the petition or petitions required by
the statute in question to initiate the calling of the election
contained, when lodged with the city clerk, the signatures
of the necessary number of electors yet when such petitions
were actually marked filed by such clerk, withdrawals had
reduced the number of signers remaining below the number
required.

Counsel have stipulated "that the facts set forth in the
petition for the writ of *certiorari* herein are true."

Those facts, so far as they are pertinent to the foregoing reason urged by the prosecutor, are:

That the petition must contain the names of at least one hundred and eighty (180) voters who voted at the last preceding election held for the purpose of electing members of the general assembly as shown by the official canvass of such election.

That said petitions were lodged with the city clerk on December 2d, 1924, and were then signed, or purported to be signed, by two hundred and twenty two (222) persons, being forty-two (42) more than required by the statute.

That the city clerk proceeded to examine such petition for the purpose of determining the authenticity of the signatures, and whether or not they were those of persons qualified voters of the city who had voted at the last preceding election for members of the general assembly. That while such clerk was making such investigation, and on December 2d and 3d, forty-six (46) of the signers, in writing, filed with him, withdrew their names, thus leaving such petitions, if such withdrawals are legally effective, with one hundred and seventy six (176) names, or four (4) less than the necessary number.

That on December 4th, 1924, the city clerk actually marked such petitions filed, and then, as having been filed as of the date, they were placed in his hands, namely, December 2d, 1924.

That on December 8th, 1924, the city clerk took steps to bring on the special election, fixing December 30th, 1924, as the date therefor, and posting, and otherwise giving notice thereof.

The single reason, before referred to as urged by the prosecutor, was argued in a twofold manner.

1. That although the petitions were lodged with the city clerk on December 2d, 1924, and eventually by that officer marked filed as of that date, yet, as a matter of fact, he did not act upon them or actually mark them filed until December 4th, 1924, and because prior to December 4th there having been enough withdrawals of petitioners to reduce the

number below that required by the statute, he could not call the election, because the petitions were then insufficient.

2. That whether or not the petitions are considered filed as of December 2d or December 4th, yet the city clerk took no actual steps to bring on the election thereunder until December 8th, 1924, and at that time, by the aforesaid withdrawals, the petitioners had been reduced below the number required by the statute, and the clerk had nothing upon which he could legally act.

Upon the question of the date of filing it is the rule that the date of filing endorsed upon a document by the official with whom it is required to be filed is *prima facie* proof of its filing on such date. It is likewise true that it may be shown that such endorsed date is not the true date of filing, but I know of no authority permitting an official to receive a document required by statute to be filed with him or in his office and withhold it from his files to some subsequent date unless so authorized by statute.

Now, the statute in question by section 402 of article 4 provides: "Upon such petition or request in writing being filed with the municipal clerk, the said clerk shall forthwith call an election  *  *  *."

The statute nowhere, that I can discover, gives the municipal clerk any discretion. When placed in his hands the petition is filed under the statute, and that irrespective of what time subsequent thereto he actually enters thereon the date of filing, or whether he makes any such entry or endorsement.

So, that under the statute and the facts before me I must and do find that the petition was filed December 2d, 1924, and that when it was so filed it contained the signatures, or what purported to be the signatures, of two hundred and twenty-two (222) voters of the city of Cape May.

Upon the question of the right of petitioners to withdraw their names and cancel their consents or requests prior to December 8th, 1924, when the city clerk actually proceeded to take steps to bring on the special election, I am also required to find against the contention of the prosecutor.

In statutory proceedings, of the character here under review, where jurisdiction is placed in a public officer to perform an act by petition, or where jurisdiction is directly given subject to be defeated by remonstrances, the rule is that withdrawals may be legally made up to the time fixed by the legislature for the taking effect of the jurisdiction or authority reposed in the public officer or public body.

In *Biddle* v. *Riverton,* 58 *N. J. L.* 290, an ordinance of the borough of Riverton directing an election to determine for or against an issue of bonds for electric lighting was under review. One of the statutory conditions precedent to the passage of such ordinance was a petition or consent in writing of the owners of more than one-half in value of the taxable property in the borough. This was required to be in the hands of the borough council at the time of the adoption of the ordinance. The ordinance was passed December 31st, 1894. The council had before it a consent of the requisite number of taxpayers, dated December 26th, 1894, but between that date and date of passage of the ordinance enough petitioners had withdrawn to reduce the number below that required by the statute, and, therefore, the council were not authorized to pass the ordinance because *at the time of passage of the ordinance,* being the time fixed by statute, they did not have the requisite number of petitioners.

In *Buchman* v. *Phillipsburg,* 68 *N. J. L.* 552, the granting of a saloon license was under review. One Gledhill, having signed the application, withdrew his name before the application was actually presented for action of the council.

And such withdrawal was held to be effective. The court said: "We hold that the application must speak as of the time when it is officially presented to the council and official cognizance is taken of it. Prior to that time names may be added or withdrawn. After that time the application is not subject to change."

In *Currie* v. *Atlantic City,* 66 *N. J. L.* 140, the question was the withdrawal of consents for the construction of street railway lines after such consents had been filed with the city

council, and the conclusion of this court was that jurisdiction having been conferred upon the city council by their filing they could not be withdrawn and such jurisdiction taken away.

In *Wilson* v. *Collingswood*, 80 *N. J. L.* 626, a resolution of the council of the borough of Collingswood providing for the submission to the voters the construction of water works was under review. There the statute required that such an improvement might not be undertaken except on application of one-fourth of property owners, and then thirty (30) days' notice of intention to submit the proposition to the voters must be given, "and if within sixty (60) days after the first publication of such notice a remonstrance of at least one-half in value of the property owners be filed with the borough clerk, no election or further proceedings shall be had."

Remonstrances amounting to more than the requisite one-half were filed, and from time to time there were withdrawals therefrom, and if such withdrawals were effective, then neither at the end of the sixty days, nor at any time before, were there sufficient remonstrances in force to defeat the scheme.

This court therein held: "The situation existing at the end of sixty days was controlling, and the inquiry should be whether at that time there were on file and in force sufficient remonstrances to oust jurisdiction, if not, the council might proceed. Up to that crucial point remonstrances might be made or withdrawn   *   *   *."

To the same effect is *Brodhead* v. *Flemington*, 85 *N. J. L.* 25.

In *Ford* v. *Gilbert*, 89 *N. J. L.* 482, the action of a city clerk in finding insufficient a petition to initiate an ordinance was under review. The petition was filed May 21st, 1915, and at the time it was filed it contained the requisite number of signers. The statutory period of ten (10) days within which it was the duty of the clerk to examine the petition and certify the sufficiency thereof to the commis-

sioners expired at midnight, May 31st, 1915. Late in the afternoon of that day, prior to the meeting of the commissioners, the clerk was presented with a petition of twenty-one (21) signers of the original petition asking that their names be withdrawn. Thereupon the clerk presented such petition of withdrawal to the commissioners at their meeting that night. The commissioners passed a resolution permitting the withdrawal of the names requesting such withdrawal. Under the statute the clerk was required to examine the petition, and ten days were given him for this purpose. If he determined that it did not conform to the statute, he was charged with the duty of returning it to the agent, who filed it for the purpose of correction. Also, if the clerk believed the petition defective, he might present his objections to a Supreme Court justice, who was to proceed in a summary manner to examine the objections of the clerk and make an order therein final and binding on all parties concerned. None of these statutory requirements were complied with, but in lieu thereof the clerk took it upon himself to present the withdrawal petition to the commissioners, and after their resolution permitting the withdrawal was passed he issued his certificate that the petition was insufficient.

This court held therein: "The statute imposes the duty upon the clerk to examine the petition and ascertain whether it is in conformity with the requirements of the statute. After he has done this, if he accepts and files the petition, the first step in the matter is completed, and jurisdiction vests. It is then too late for the signers to withdraw."

Now, in the instant case, as I have already stated, the statute makes no provision for an examination of the petition by the municipal clerk.

The provisions of the act are:

Section 401, article 4. "This act shall be adopted by any municipality by a majority of the legal votes cast at a special election to be held in such municipality, which election shall be called by the municipal clerk upon request or petition in writing of the legal voters of the municipality not less in

number than fifteen per centum of the number of persons who voted at the past preceding election held for the purpose of electing members of the general assembly as shown by the official canvass of such election; and at such election no other proposition shall be voted upon." And section 402. "Upon such petition or request in writing *being filed with the municipal* clerk, the said clerk shall forthwith call an election to be held   *   *   *."

The city clerk was clothed with jurisdiction, and, in fact, was impressed with the duty of calling the election immediately; that the petitions were filed with him, and both by the legislative language and the authorities relating to the subject it was too late for petitioners to withdraw after such petitions were placed in the hands of the city clerk.

The writ of *certiorari* must therefore be dismissed, with costs.