CHARLES BAKER, PROSECUTOR, v. THEODORE W. REEVES, CLERK OF THE BOROUGH OF WEST CAPE MAY, DEFENDANT.

Submitted May 15, 1931—Decided November 27, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Lewis T. Stevens.*

For the defendant, *T. Millet Hand.*

PER CURIAM.

This writ brings up the action of the clerk of the borough of West Cape May in declaring insufficient a certain petition lodged with him requesting him to call an election, under the Walsh act, for the purpose of permitting the voters to accept the provisions of that act, and his refusal to call such election.

The petition, apparently signed by one hundred and forty-nine voters, was presented to the clerk on December 22d, 1930.

The clerk examined the signatures and claims that he knew that some of them were not genuine. Thereupon he returned the petition for verification. It was returned to him on December 31st unverified. Meanwhile, on December 29th, two petitions were presented to him signed by forty persons who had signed the original petition, requesting that their names be removed from that petition. The clerk recognized these requests, and giving effect to the forty withdrawals and the thirteen unauthentic signatures on the original, held that because twenty per cent. of the voters had not signed, no valid petition had been filed and refused to call an election. Prosecutor seeks to have this action set aside.

The question to be decided largely hinges on when the petition was filed. The clerk admits he received it on December 22d, but says he did not file it because he was required to investigate and satisfy himself of its validity before filing. We think the petition was filed when originally presented on December 22d. The clerk may not have marked the petition filed, but the petitioners filed it with him. The case of *Balm* v. *City of Cape May*, 127 *Atl. Rep.* 88; *affirmed*, 101 *N. J. L.* 400, is similar to the instant one. In that case withdrawal petitions were presented after the original was filed but before action had been taken thereon, and the clerk refused to recognize the withdrawals. Mr. Justice Campbell, sitting alone, upheld this action. He said:

"I know of no authority permitting an official to receive a document required by statute to be filed with him or in his office and withhold it from his files to some subsequent date unless so authorized by statute."

It follows that the petition was filed on December 22d, when originally handed to the clerk.

If this be so, the next question is whether or not the clerk had power to recognize the withdrawals and give effect to them. Mr. Justice Campbell, in the above cited case, held to the contrary and cites authority for his holding. He concludes:

"The city clerk was clothed with jurisdiction and, in fact, was impressed with the duty, of calling the election imme-

diately that the petitions were filed with him, and both by the legislative language and the authorities relating to the subject it was too late for petitioners to withdraw after such petitions were placed in the hands of the city clerk."

In our opinion the clerk was without power to allow the withdrawals. His action in refusing to recognize the names not signed personally was correct, but omitting these there were still twenty per cent. of the voters on the petitions. There were five hundred and forty-eight persons qualified to vote at the last preceding general election, so that one hundred and thirty signatures of persons qualified to vote at the last preceding general election were required.

We conclude that the action of the clerk should be set aside. This is apparently the proper procedure. In *Haines* v. *Standoven,* 91 *Atl. Rep.* 804, it was held that *mandamus* would not lie because the clerk was clothed with the power and duty to ascertain whether the petition was signed according to law. His action is reviewable by *certiorari.* His action in allowing the withdrawals being improper, there is no proper basis shown for his refusal to call the election.

The action of the respondent in declining to call the election is set aside.